# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>        Plaintiff,<br><br>    v.<br><br>M. JOHNSON, et al.,<br><br>        Defendants. | CASE NO. 1:05-CV-00086-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BE DENIED<br><br>(Doc. 10) |

    Plaintiff Bryan E. Ransom ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 23, 2005, plaintiff filed a motion seeking a temporary restraining order and preliminary injunction. Plaintiff seeks a court order mandating that prison employees in 4B2R honor and feed plaintiff in accordance with his paper tray status, notify medical staff of plaintiff's state of malnutrition, and issue plaintiff nutritional supplements.

    The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the

plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

The events giving rise to plaintiff's motion for a temporary restraining order and preliminary injunction occurred from November 3, 2005, through the filing of the motion and involve the alleged failure of prison staff to provide plaintiff with breakfast and dinner on a paper tray, in accordance with plaintiff's paper tray status. This action was filed on January 21, 2005, and involves events that occurred prior to that date. This action does not involve any claim based on the failure to feed plaintiff breakfast and dinner, commencing in November of 2005. Indeed, given that plaintiff filed this action on January 21, 2005, and is required to exhaust claims prior to filing suit, any claim which accrued in November of 2005 would have to be raised in a new action once the claim was exhausted. 42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The court does not have jurisdiction, in this action, to issue the order sought by plaintiff, assuming plaintiff is even entitled to the issuance of such an order.

Based on the foregoing, it is HEREBY RECOMMENDED that plaintiff's motion for preliminary injunctive relief, filed December 23, 2005, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
3  1153 (9th Cir. 1991).

5  IT IS SO ORDERED.

6  **Dated:    June 29, 2006**                         /s/ Lawrence J. O'Neill
   b9ed48                                                  UNITED STATES MAGISTRATE JUDGE

3