# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>             Plaintiff,<br><br>     v.<br><br>M. JOHNSON, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:05-cv-00086-OWW-NEW (DLB) PC<br><br>ORDER GRANTING DEFENDANT LANKFORD'S MOTION TO SET ASIDE ENTRY OF DEFAULT<br><br>(Docs. 68 and 76) |

Plaintiff Bryan E. Ransom ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 23, 2007, the Clerk's Office was directed to enter default against defendant Lankford. Defendant moved to set aside the entry of default on August 27, 2007, and plaintiff filed an opposition on September 14, 2007.

Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default . . ." Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than default judgment." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991). Therefore, "'[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.'" Mendoza, 783 F.2d at 945-46 (quoting Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)). In determining

1  whether to set aside default, relevant factors including the culpability of defendant, the existence of
2  a meritorious defense, and any prejudice to plaintiff should be considered. American Ass'n of
3  Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

4        Defendant Lankford argues that his failure to respond to the complaint was the result of
5  mistake, that he has a meritorious defense, and that plaintiff will not be prejudiced by setting aside
6  the entry of default. Plaintiff argues in opposition that defendant does not have a meritorious
7  defense, and that by contacting defendant Lankford regarding plaintiff's pending motion for entry
8  of default and then contacting defendant Lankford again after default was entered, defense counsel
9  engaged in "ambulance chasing."

10        Defendant Lankford is retired from the California Department of Corrections and
11  Rehabilitation, and lives out of state. (Doc. 68-4, Lankford Dec., ¶1.) The service documents were
12  sent to defendant at CDCR headquarters and then forwarded to defendant. (Id., ¶4.) Defendant
13  attests that he did not initially recall signing a waiver of service, but upon further reflection recalled
14  doing so and believed at the time he was also requesting representation. (Id., ¶¶2, 4.)

15        Defendant moved to set aside entry of default only four days after it was entered, and his
16  failure to follow through by responding to the complaint after waiving service appears to be the
17  result of excusable neglect. There is no evidence in the record from which the court may conclude
18  that defendant willfully and intentionally failed to comply with the applicable rules.

19        At issue in this action is whether defendant Lankford participated in the assessment of an
20  indeterminate Security Housing Unit (SHU) term against plaintiff without due process of law, and
21  whether defendant Lankford retaliated against plaintiff for filing inmate grievances and litigating in
22  court by transferring him to California State Prison-Sacramento, and then arranging for the
23  assessment of the SHU term and transfer to California State Prison-Corcoran to serve that term.
24  (Docs. 17, 19.) Although plaintiff contends that defendant does not have a meritorious defense, the
25  court cannot make such a finding on the record before it. Plaintiff's claims are brought for violation
26  of plaintiff's rights under federal law. The violation of state regulations is, in and of itself, not
27  determinative. Plaintiff's due claim rests on resolution of whether he was deprived of the procedural
28  protections he is due under federal law, not whether state regulations were or were not violated in

conjunction with the assessment of the SHU term.  There are factual disputes between the parties concerning whether defendant Lankford violated plaintiff's due process rights and whether defendant acted with a retaliatory motive.  Under these circumstances, the court cannot find that defendant does not have a meritorious defense.

Finally, resolution of an action on its merits is favored.  Resolution by default is not.  Plaintiff has demonstrated no actual prejudice and given that defendant moved to set aside entry of default less than one week after it was entered, the court can discern no prejudice to plaintiff.  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001) (neither simple delay in resolution of a case nor merely requiring the plaintiff to litigate on the merits rather than allowing windfall by default constitutes prejudice).

Accordingly, based on the foregoing, defendant Lankford's motion to set aside entry of default, filed August 27, 2007, is HEREBY GRANTED.

IT IS SO ORDERED.

Dated:   **October 11, 2007**              **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE