# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>    Plaintiff,<br><br>    v.<br><br>M. JOHNSON, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:05-cv-00086-OWW-GSA PC<br><br>FINDING AND RECOMMENDATION RECOMMENDING DEFENDANT CABRAL'S MOTION TO DISMISS CLAIM FOR FAILURE TO EXHAUST BE GRANTED<br><br>(Doc. 81)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

**Finding and Recommendation on Defendant Cabral's Motion to Dismiss**

Plaintiff Bryan E. Ransom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Relevant to this pending motion, this action is proceeding on Plaintiff's amended complaint, filed August 30, 2005, against Defendant Cabral ("Defendant") for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment. On October 10, 2007, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), Defendant filed a motion to dismiss based on Plaintiff's failure to exhaust the claim against him. Plaintiff filed an opposition on October 18, 2007.[1]

### I.    Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on May 21, 2007. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 23.)

1

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008).  The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

///

## II. Eighth Amendment Claim Against Defendant Cabral

In his amended complaint, Plaintiff alleges that on March 3, 2002, he submitted an emergency request to see a dentist because he was in pain due to a severe toothache. On March 8, 2002, Plaintiff's dental appointment and law library access were scheduled for the same time period. While being escorted by Officers Hura and Rawers to his dental appointment, Plaintiff was informed by Defendant Cabral that he would have to choose between his dental appointment and going to the law library and that whichever one he did not choose would be rescheduled for the following week. Plaintiff told Defendant Cabral that he could not postpone either one because he was in severe pain but needed copies from the library to meet a pending deadline. Defendant Cabral told Plaintiff he could not have it both ways and directed Officers Hura and Rawers to take Plaintiff to the law library. Plaintiff alleges that he suffered for at least more seven weeks before being seen by the dentist, at which time his tooth had to be extracted.

Defendant argues that he is entitled to dismissal of the claim against him because Plaintiff failed to exhaust. Defendant submits evidence that Plaintiff's appeal of the incident was denied at the second formal level of review, but was not submitted to the third and final level. (Doc. 81-2, Jones Dec., ¶7.)

Plaintiff contends that he exhausted his claim because he is not required to pursue his appeal beyond the staff misconduct investigation, which occurred at the first formal level of review.[2] (Doc. 88.) Plaintiff contends that he is not required to exhaust once no remedies remain available. (Id.)

The evidence submitted by Plaintiff demonstrates that his inmate appeal was denied on December 26, 2002, at the first formal level of review and returned to him on February 20, 2003.[3] (Doc. 89, pgs. 4-5.) Plaintiff's allegations of staff misconduct were investigated and found to be without merit by the staff reviewer. The memorandum accompanying the appeal, dated December

---

[2] Although Defendant submits evidence that the appeal was denied at the second level of review, Defendant did not submit a copy of the appeal and the copy submitted by Plaintiff does not demonstrate pursuit to the second level. Regardless, there is no dispute that the appeal was not pursued to the third and final level of review.

[3] Plaintiff asserts that the appeal was denied on April 13, 2002, and returned to him on February 20, 2003. Plaintiff was interviewed on April 13, 2002, and the staff member assigned to the appeal completed it on April 13, 2002. However, the decision was not approved and the appeal not formally denied until December 26, 2002.

26, 2002, denied the appeal and informed Plaintiff that the investigation had been completed, but the findings were confidential and would not be disclosed to Plaintiff.

Plaintiff's citation to Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005) for the proposition that there were no further remedies available to him is unpersuasive. In Brown, the plaintiff's inmate appeal was partially granted. Here, Plaintiff's appeal was denied. An appeal which has been denied is appealable to the next level of review within the time constraints set forth in the governing regulations. There is no requirement that in such a situation, prison officials are required to affirmatively notify Plaintiff he may proceed to the next level. Plaintiff could have pursued his appeal to the next level following receipt of the denial, but did not do so. Therefore, Plaintiff did not exhaust.

**III. Conclusion and Recommendation**

By failing to pursue his appeal to the next level of review after it was denied, Plaintiff failed to exhaust and the Court HEREBY RECOMMENDS that:

1. Defendant Cabral's motion to dismiss, filed October 10, 2007, be GRANTED; and
2. The Eighth Amendment medical care claim against him be dismissed, without prejudice (claim 9).

This Finding and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Finding and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 14, 2008**            /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE

4