# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>           Plaintiff,<br><br>     v.<br><br>M. JOHNSON, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:05-cv-00086-OWW-GSA PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 115)<br><br>ORDER DENYING MOTION FOR EXTENSION OF DISCOVERY DEADLINE AS MOOT IN LIGHT OF AMENDED SCHEDULING ORDER<br><br>(Doc. 119)<br><br>ORDER REQUIRING DEFENDANTS' COUNSEL TO FILE STATUS REPORT CONCERNING PLAINTIFF'S ACCESS TO LEGAL PROPERTY |

I.   **Motion for Appointment of Counsel**

Plaintiff Bryan E. Ransom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 27, 2008, Plaintiff filed a motion seeking the appointment of counsel.  Plaintiff does not  constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, the Court is unable to find that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. Therefore, Plaintiff's motion for the appointment of counsel shall be denied.

## II.     Motion for Extension of Discovery Deadline

On March 26, 2008, Plaintiff filed a motion seeking an extension of the discovery deadline. In a separate order issued concurrently with this order, the Court issued an amended discovery and scheduling order. In light of the amended scheduling order, Plaintiff's motion for an extension of the discovery deadline is moot and shall be denied on that ground.

## III.    Access to Legal Property

Plaintiff is currently in Administrative Segregation (Ad-Seg), which restricts Plaintiff's ability to retain property in his cell. (Doc. 115.) In his motion for counsel, Plaintiff asserted, supported by documentation, that a property exchange may occur only once, hindering his ability to exchange legal material as needed to litigate this action. (Id.) Further, Plaintiff asserted that he may be in Ad-Seg for a year or more due to a backlog in the prison review process as it relates to Plaintiff's situation. (Id.) This case has been pending for more than three years, and the Court is disinclined to accept a situation which might have the effect of brining prosecution of this action to a complete halt for an extended period of time.

Plaintiff does not have a right to litigate this action to the fullest extent of his ability, unhindered by either prison rules and restrictions or time constraints. See Lewis v. Casey, 518 U.S.

343, 354, 116 S.Ct. 2174 (1996). However, *some* access to Plaintiff's legal material must be facilitated in a situation where Plaintiff's current housing situation is long term and he has no apparent access to the legal material he needs to prosecute this action. This Court cannot and will not insert itself into the decisions made by prison officials in terms of housing assignment and property restriction. The Court's concern is limited only to ensuring that Plaintiff has minimal access sufficient to protect his right of access to the court in litigating this action. To that end, Defendants' counsel is directed to file a status report addressing Plaintiff's contention that he may be housed in Ad-Seg for more than a year and is unable to access his legal property for an exchange more than one time.

IV. **Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed February 27, 2008, is DENIED;
2. Plaintiff's motion for an extension of the discovery deadline, filed March 26, 2008, is DENIED as moot in light of the issuance of an amended scheduling order; and
3. Within **thirty (30) days** from the date of service of this order, Defendants' counsel shall file a status report concerning Plaintiff's ability to access his legal property.

IT IS SO ORDERED.

Dated: **April 14, 2008**         /s/ **Gary S. Austin**
                         UNITED STATES MAGISTRATE JUDGE

3