# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. JOHNSON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-00086-OWW-GSA PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO COMPEL, GRANTING MOTIONS FOR MODIFICATION OF SCHEDULING ORDER, AND DENYING MOTION TO SUBSTITUTE PARTIES<br><br>(Docs. 140, 157, 158, 159, 160, and 169)<br><br>ORDER REQUIRING PARTIES TO SUBMIT STATUS REPORT WITHIN THIRTY DAYS, AND ORDERING DEFENDANTS TO SERVE DISCOVERY RESPONSES IDENTIFIED IN ORDER WITHIN FORTY-FIVE DAYS<br><br>Deadline to Amend Pleadings: 06/01/09<br>Discovery Deadline: 07/01/09 |

Plaintiff Bryan E. Ransom is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1] This action is proceeding on Plaintiff's amended

---

[1] This action is proceeding on the following claims against the following defendants: (1) a free exercise claim against Defendant Johnson; (2) an Eighth Amendment failure-to-protect claim against Defendants Canton, Flores, Adams, and Atkinson; (3) a retaliation claim against Defendants Lankford, Diggs, L'Etoile, and Alameda; (4) a retaliation claim against Defendants Burruel, Case, Vance, Cary, Tennyson, and Pliler; (5) an access to the courts claim against Defendants Burruel, Case, Vance, Cary, Tennyson, and Pliler; (6) a retaliation claim against Defendants Rosario, Pliler, Kalvelage, DeGroot, Diggs, and Lankford; (7) a due process claim against Defendants Rosario, Pliler, Kalvelage, DeGroot, Diggs, and Lankford; (8) a retaliation claim against Defendant Arroyo; (9) an Eighth Amendment medical care claim against Defendant Cabral; (8) an Eighth Amendment excessive force claim against Defendants Bremner, Diaz, Jones, Cheema, Duran, Hulsey, Mayo, Garcia, Pina, Madreno, Santos, McDowell, and Meske; (9) a state law assault and battery claim against Defendants Bremner, Diaz, Jones, Cheema, Duran, Hulsey, Mayo, Garcia, Pina, Madreno, Santos, McDowell, and Meske; (10) a right to privacy claim against Defendants Bremner, Diaz, Jones, Cheema, Duran, Hulsey, Mayo, Garcia, Pina, Madreno, Santos, McDowell, and

1

complaint, filed on August 30, 2005. Pending before the Court are Plaintiff's three motions to compel, Plaintiff's motion for an extension of the discovery deadline, Plaintiff's motion for substitution of parties, and Plaintiff's motion for an extension of the amended pleadings deadline. (Docs. 140, 157-160, and 169.) Defendants filed oppositions to Plaintiff's three motions to compel, and Plaintiff filed a reply to the opposition to his second and third motions to compel. (Docs. 150, 175, and 177.)

## I. First Motion to Compel

On June 12, 2008, Plaintiff filed a motion to compel further responses to select requests for the production of documents and interrogatories. After obtaining an extension of time, Defendants filed their opposition on August 15, 2008, and the motion has been deemed submitted. Local Rule 78-230(m).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(A).

---

Meske; (11) a state law IIED claim against Defendants Bremner, Diaz, Jones, Cheema, Duran, Hulsey, Mayo, Garcia, Pina, Madreno, Santos, McDowell, and Meske; (12) an Eighth Amendment medical care claim against Defendants Bremner, Diaz, Jones, Cheema, Duran, Hulsey, Mayo, Garcia, Pina, Madreno, Santos, McDowell, Meske, Bennett, Williams, and MTA Doe; (13) a state law negligence claim against Defendants Bremner, Diaz, Jones, Cheema, Duran, Hulsey, Mayo, Garcia, Pina, Madreno, Santos, McDowell, Meske, Bennett, Williams, and MTA Doe; (14) a retaliation claim against Defendants Pear and Scribner; and (15) a First Amendment mail censorship claim against Defendants Pear and Scribner.

2

1       For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)).

      If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified.

      In this instance, however, there are deficiencies with respect to Plaintiff's motion to compel *and* with Defendants' objections. Given these deficiencies and the extent of discovery conducting by the parties, and in the interest of conservation of the Court's resources, the Court opts to reach the merits of Plaintiff's motion to compel, to the extent it is able to do so, rather than deny the motion without prejudice to refiling. Because the discovery deadline shall be extended by this order, Plaintiff is not precluded from redrafting and serving amended discovery requests, as guided by this order.

### A. Discovery Request Served on Defendant Arroyo

      Plaintiff seeks to compel a further response to one of his requests for the production of documents, set one, served on Defendant Arroyo.

**POD 4:** "Please produce all other documents, items of evidence or sworn or unsworn statements or affidavits that relate to the allegations made in Plaintiff's complaint against you."

**Ruling:** Defendants object that the request seeks documents protected by attorney-client privilege and attorney work product, and that the only responsive non-privileged documents are in Plaintiff's central file and equally available to him. Defendants' bare objection on attorney-client privilege and attorney work product grounds falls well short of what is required to assert those

///

3

1 privileges, and is overruled. <u>Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana</u>, 408 F.3d 1142, 1149 (9th Cir. 2005).

Plaintiff's request is overly broad and vague, however, and needs to be narrowed. For example, Plaintiff would be better served to seek any sworn statements separately from other documents, etc. Further, Plaintiff must limit his discovery requests to information relevant to his claims and within a reasonable time frame.

Plaintiff's motion is denied, without prejudice, subject to the following orders. Regarding photocopying costs, which Plaintiff asserts he is unable to afford, Plaintiff would ordinarily bear the burden of these costs. However, the Court has discretion to shift the costs to Defendants and will do so if the alternative would leave Plaintiff unable to obtain any documents from his file. It is not clear from Plaintiff's motion whether he is able to make copies and the prison will simply assess the costs against his trust account, *regardless of the existence of available funds*, or whether he must in fact have funds available to pay the costs in order to obtain the copies. If Plaintiff is allowed to make copies even if he has no available funds, and the costs are simply charged against his trust account, leading to or adding to a negative balance, the Court will not shift costs. <u>The parties are required to clarify this issue via status report within thirty days</u>.

Further, assuming the Court finds costs must be shifted to Defendants, the Court will not order them to produce an entire copy of Plaintiff's central file. Plaintiff's request is overly broad, as previously stated. Plaintiff is entitled to review his central file, and he must narrow his document production request to documents relevant to his First Amendment claim against Defendant Arroyo arising out of the alleged destruction of his personal property in retaliation for his obtainment of a restraining order relating to the property.

Accordingly, Plaintiff may review his central file, re-draft narrower and more specific requests, and re-serve the requests on Defendant Arroyo. Defendants' counsel is requested to contact the Litigation Office in order to facilitate Plaintiff's review of his file in the very near future.

**B.** **<u>Discovery Requests Served on Defendant Atkinson</u>**

Plaintiff seeks to compel further responses to his interrogatories, set one, and requests for the production of documents, set one, served on Defendant Atkinson.

4

**ROG 18:** "Referring your attention to Plaintiff's SATF-IV Endorsement Attached as Exhibit D; and the October 24, 2000 Memorandum: Appeal Response, Attached as Exhibit E, Please explain in as much detail as possible how it was determined that Plaintiff's placement and endorsement to a SNY was incorrect and why."

**Ruling:** Plaintiff's motion to compel is denied. Plaintiff is required to accept Defendant's response that he has no knowledge with which to answer the question, absent a showing to the contrary, which was not made in the motion to compel.

**POD 4:** "The complete indexed and compartmentalized contents of Plaintiff's C-file, including but not limited to disciplinary reports, incident report, evaluations, criminal justice information, and medical and mental health records."

**Ruling:** This request is overly broad in that it lacks limitation to documents relevant to Plaintiff's claim that Defendant endangered his safety by failing to include certain information in the written Departmental Review Board recommendation, and lacks any time period limitation. However, as with Arroyo POD 4, Defendant's bare assertion of official information privilege is insufficient, Johnson v. Runnels, No. CIV S-04-0776 LKK EFB P, 2009 WL 900755, *3 (E.D.Cal. Mar. 31, 2009), and the issue of whether Plaintiff has equal access to obtain copies of the documents requires further briefing by the parties, as addressed in the previous subsection.

Plaintiff's compel is denied, without prejudice. As with Arroyo POD 4, Plaintiff may review his central file, re-draft a narrow and more specific request(s), and re-serve it (them) on Defendant.

**POD 5:** "All instructions, training manuals, directives and example sheets on how to prepare a CSU/DRB referral."

**Ruling:** In their opposition, Defendants agreed to supplement their response and provide further documents in light of Plaintiff's clarification of what he seeks, set forth in his motion to compel. Accordingly, Plaintiff's motion to compel a further response to this request is denied as moot, without prejudice.

**POD 6:** "The complete contents of Plaintiff's CDC 114 and 114A while housed at SATF."

**Ruling:** Defendant objects on the ground that the only documents responsive to this request are in Plaintiff's central file, and are equally available to Plaintiff. The Court will reserve its ruling

on this request pending the parties' status reports on how the assessment of photocopying costs is handled for indigent prisoners.

**POD 7:** "Any and all administrative bulletins and memorandums generated throughout CDC by Director Cal Terhune or his successors regarding any special interests in the activities of the Islamic group/organization called the Five Percenters (5%)."

**Ruling:** Plaintiff's motion to compel is denied. Absent a showing by Plaintiff in his motion to compel that Defendant does in fact have the documents in his possession, custody, or control, which was not made, Plaintiff is required to accept Defendant's answer.

### C. Discovery Requests Served on Defendant Case

Plaintiff seeks to compel further responses to his interrogatories, set one, and requests for the production of documents, set one, served on Defendant Case.

**ROG 5:** "Please describe in as much detail as possible whether Plaintiff had been endorsed by CSR or DRB for transfer at the time of the 2001 transpacking/transfer of his personal property."

**ROG 6:** "If not, please explain in as much detail as possible the complete circumstances as to why."

**ROG 7:** "Please state the name, affiliation, title, last known address, and last known telephone number of each person who has knowledge of any facts stated in your response to Interrogatories No. 5 and No. 6."

**ROG 8:** "Please identify each document as the term is defined in FRCP, Rule 34(a)(1), that evidence, mentions, or refers to any of the facts stated in your response to Interrogatories No. 5 and No. 6."

**Ruling:** Plaintiff's motion to compel is granted. Defendant's response that he "does not have knowledge sufficient to provide a meaningful response" suggests that he possesses the ability to answer this question to some extent. Defendant has forty-five days to respond to ROGs 5 through 8.

**ROG 9:** "Please describe in as much detail as possible the complete circumstances surrounding Plaintiff's person [sic] property being removed from his cell, transpacked/transferred, where it went and when it was returned to Plaintiff in 2001."

6

1     **ROG 10:** "Please state the name, affiliation, title, last known address, and last known telephone number of each person who has knowledge of any of the facts stated in your response to Interrogatory No. 9."

    **ROG 11:** "Please identify each document as the term is defined in FRCP, 34(a)(1), that evidence mentions, or refers to any of the facts stated in your response to Interrogatory No. 9."

    **Ruling:** Plaintiff's motion to compel is granted on the same grounds as with ROGs 5 through 8. Defendant has forty-five days to serve a response to ROGs 9 through 11.

    **ROG 17:** "Please identify each person who has made sworn or unsworn statements or provided information for affidavits or statements that relate to the allegations made in Plaintiff's complaint and state the information provided."

    **Ruling:** Plaintiff's motion to compel is denied. This request is vague, ambiguous, and overly broad. However, Defendant's bare objection on attorney-client privilege grounds is overruled. Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

    **POD 1:** "Please produce all documents that contain, mention, construe or refer to Plaintiff's grievances, petitions, letters, and complaints against CSP-SAC officials."

    **Ruling:** Plaintiff's motion to compel is denied. This request is vague, ambiguous, and overly broad, and Plaintiff's motion to compel provides no clarification of the issues.

    **POD 2:** "Please produce all documents that contain, mention, construe or refer to information concerning the 2001 transpacking and transferring of Plaintiff's personal property including where all it was transferred to and when it was returned to Plaintiff."

    **POD 3:** "Please produce all documents that contain, mention, construe or refer to the policy, procedure, and practice that governs the initial scheduling of a prisoner's personal property being 'transpacked' for transfer to another prison."

    **POD 4:** "Please produce all documents that contain, mention, construe or refer to the policy, procedure, and practice that governs the initial scheduling of a prisoner's personal property being 'transferred' to another prison."

///
///

**Ruling:** Plaintiff's motion to compel further responses to PODs 2, 3 and 4 is denied. Absent a showing to the contrary, which was not made, Defendant's response that he has produced all the responsive documents in his possession, custody, or control must be accepted.

**POD 5:** "Please produce all other documents, items of evidence, or sworn or unsworn statements or affidavits that relate to the allegations made in Plaintiff's complaint."

**Ruling:** Plaintiff's motion to compel is denied. This request is overly broad. However, Defendant's bare objection on attorney-client privilege and attorney work product grounds is overruled. Burlington N. & Santa Fe Ry. Co. at 1149.

D. **Discovery Requests Served on Defendant Diggs**

Plaintiff seeks to compel further responses to his interrogatories, set one, and requests for the production of documents, set one, served on Defendant Diggs.

**ROG 6:** "Referring to the June 8, 2001 CDC-128-G Classification DRB Action, attached as Exhibit A, please explain in as much detail as possible why you ordered Plaintiff who is a 270 design prisoner to be transferred to CSP-SAC IV which is a 180 design prison."

**Ruling:** Plaintiff's motion to compel a further response is denied. Defendant responded to this interrogatory. Plaintiff argues that Defendant is required to provide the information sought, such as telephone interviews, letters, hearings, and grievances. Plaintiff may not compel the production of documents via an interrogatory. Defendant's response to this interrogatory is not obviously deficient to the Court, and Plaintiff has provided no further illumination of the issue in his motion.

**POD 4:** "Please produce all documents including studies, memos, bulletins and case law citings explicitly addressing the potential threat of a substantial risk of harm arising from prison officials disseminating critical case factors of a prisoner to the Gen. prison population and then releasing the prisoner to that general population."

**Ruling:** Plaintiff's motion to compel is denied. Absent a showing to the contrary, which was not made in the motion, Defendant's response that he has no such documents in his possession, custody, or control must be accepted.

///

///

### E. Discovery Requests Served on Defendant Flores

Plaintiff seeks to compel further responses to his requests for the production of documents, set one, served on Defendant Flores.

**POD 1:** "All documents that contain, mention, construe or refer to CDC 602 Log No. SATF-00-04787; IAB Case No. 00090-65."

**Ruling:** Defendant's bare objection on attorney-client privilege and attorney work product grounds is overruled. Burlington N. & Santa Fe Ry. Co. at 1149. The Court will reserve its ruling on this request pending the parties' status reports on how the assessment of photocopying costs is handled for indigent prisoners.

**POD 2:** "All documents that contain, mention, construe or refer to this prohabition [sic] of staff exposing a Prisoners [sic] critical case information to other Prisoners."

**Ruling:** The Court will reserve its ruling on this request pending the parties' status reports on how the assessment of photocopying costs is handled for indigent prisoners.

**POD 3:** "All documents written or created that contain, mention, construe, or refer to an inspection, inquiry or complaint about the issues of CDC 602 Log No. SATF-00–4787; IAB Case No. 0009065, whether formal or informal, official or unofficial including inmates, staff, and civilian grievances, complaints, reports and appeals, and including responses to such documents prepared by CDC or their agents."

**Ruling:** The Court will reserve its ruling on this request pending the parties' status reports on how the assessment of photocopying costs is handled for indigent prisoners.

**POD 5:** "All documents written or created that contain, mention, construe, or refer to any insurance agreement or arrangement according to which an insurance company or other entity or person will guaranty, act as a surety for, or otherwise bear any responsibility for litigating this action, including but not limited to paying for the Defendants attorney fees, paying for any monetary or injunctive relief ordered as part of a court or consent judgment."

**Ruling:** Plaintiff's motion to compel is denied. Plaintiff is required to accept that Defendant has no responsive documents in his possession, custody, or control.

///

### F. Discovery Requests Served on Defendant Johnson

Plaintiff seeks to compel further responses to his interrogatories, set one, and requests for the production of documents, set one, served on Defendant Johnson.

**ROG 7:** "Please explain in as much detail as possible how these procedures [as described in ROG 6] were taken with Plaintiff."

**Ruling:** Plaintiff's motion to compel is denied. Defendant answered the interrogatory, and Plaintiff may not move to compel information not originally sought in the interrogatory.

**ROG 9:** "Please identify each person who has made to you sworn or unsworn statements or provided information for affidavits or statements that relate to this allegations made in Plaintiff's complaint and state this information provided."

**Ruling:** Plaintiff's motion to compel is denied. This interrogatory is vague, ambiguous, and overly broad. Defendant's bare objection on attorney-client privilege and attorney work product grounds is overruled, however. Burlington N. & Santa Fe Ry. Co. at 1149.

**POD 1:** "All documents that contain, mention, construe or refer to the April 17, 2000 Grooming Standard Memorandum."

**Ruling:** The Court will reserve its ruling on this request pending the parties' status reports on how the assessment of photocopying costs is handled for indigent prisoners.

**POD 3:** "All other documents, items of evidence, or sworn or unsworn statements or affidavits that relate to the allegations made against you in Plaintiff's complaint."

**Ruling:** Plaintiff's motion to compel is denied. This request is vague, ambiguous, and overly broad, but Defendant's bare objection on attorney-client privilege and attorney work product grounds is overruled. Burlington N. & Santa Fe Ry. Co. at 1149.

**POD 4:** "All documents that contain, mention, construe, or refer to any insurance agreement or arrangement according to which an insurance company or other entity or person will guaranty, act as a surety for or otherwise bear any responsibility for litigating this action, including, but not limited to paying for the Defendants attorney fees, coasts, or out-of-pocket expenses, or paying for any monetary or injunctive relief ordered as part of a court or consent judgment."

///

**Ruling:** Plaintiff's motion to compel is denied. Plaintiff is required to accept that Defendant has no responsive documents in his possession, custody, or control

G. **Discovery Requests Served on Defendant Pina**

Plaintiff seeks to compel further responses to his requests for the production of documents, set one, served on Defendant Pina.

**POD 1:** Plaintiff did not provide a copy of this request with his motion to compel, but in light of Defendant's response to the motion to compel, it appears to involve the production of a videotape. (Doc. 150, Def. Opp., 10:7-22.)

**Ruling:** Plaintiff's motion to compel is denied. Plaintiff has not met his burden as the moving party, and in this instance, the Court cannot discern on its own exactly what Plaintiff wants or whether the request has been rendered moot or not.

**POD 7:** "Please produce a complete copy of the CDC 837 Crime/Incident Report in its entirety."

**Ruling:** Plaintiff's motion to compel is denied as moot in light of Defendant's agreement to review the documents produced and provide any missing pages.

II. **Second Motion to Compel**

On September 4, 2008, Plaintiff filed a second motion to compel, seeking to compel responses to his first set of interrogatories to Bennett, Bremner, Garcia, and Medrano; his first requests for the production of documents to Bennett, Bremner, Garcia, and Medrano; his second set of interrogatories to Arroyo, Atkinson, and Johnson; and his second requests for the production of documents to Arroyo and Atkinson.

Defendants contend they were never served with the first set of interrogatories and requests for the production of documents to Medrano; the second set of interrogatories to Arroyo, Atkinson, and Johnson; and the second requests for the production of documents to Arroyo and Atkinson. Further, Defendants represent that Garcia will respond to Plaintiff's discovery requests, and attach to their opposition Bennett and Bremner's responses, dated September 17, 2008.

Absent evidence to the contrary, which was produced, the Court accepts Defendants' representation that they did not receive some of Plaintiff's discovery requests. Plaintiff's motion to

compel is granted to the extent that Defendants shall now serve responses to those requests, which are attached as exhibits to Plaintiff's motion to compel. Accordingly, Defendants have forty-five days from the date of service of this order to serve their responses to the second set of interrogatories to Arroyo, Atkinson, and Johnson; and the second requests for the production of documents to Arroyo and Atkinson.

As far as the Court is aware, Defendants Medrano and Garcia have not waived service or been personally served, and have not voluntarily appeared in this action. (Docs. 128, 137.) Defendants' counsel is directed to clarify whether or not he represents Medrano and Garcia. If he does not, neither counsel nor those defendants have any legal obligation to respond to Plaintiff's discovery requests. The Court will reserve its ruling on Plaintiff's motion to compel their responses pending counsel's status report, due within thirty days. In the event Defendants Garcia and Medrano waived service or were served, and are now represented, they must file a response to Plaintiff's amended complaint within thirty days.

Plaintiff's motion to compel responses by Bennett and Bremner is denied as moot given that they served responses.

**III.	Third Motion to Compel**

On September 4, 2008, Plaintiff filed a third motion to compel, seeking an order compelling Defendant Diaz to respond to select requests for the production of documents and Defendant Diggs to respond to one interrogatory.

**A.	Discovery Requests Served on Defendant Diaz**

**PODs 3 and 4:** Plaintiff seeks the production of five MK-46 pepper spray canisters, and an X-10 Barricade remover complete with canister.

**Ruling:** Plaintiff's motion to compel is denied. Although the alleged use of the items by Defendants is relevant to Plaintiff's claim that excessive force was used against him, the Court declines to compel Defendant to produce these tangible items directly to Plaintiff. The safety and security issues that would result from such a directive cannot be overstated. Plaintiff may describe them himself or elicit descriptive testimony from others, and Plaintiff may also draw his own diagram, subject to review by Defendants and the Court, and subject to the rules of evidence.

1 **PODs 10-16:** Plaintiff seeks the production of various photographs and an ariel diagram relating to the locations where the events at issue in this action occurred.

**Ruling:** Plaintiff's motion to compel is denied. Defendant's bare assertion of attorney work production is overruled. Burlington N. & Santa Fe Ry. Co. at 1149. However, Plaintiff is required to accept Defendant's response that he has no such documents in his possession, custody, or control. Plaintiff's argument in his reply that Defendant has access to a camera and can take photographs is without merit. Defendant is not obligated to create evidence for Plaintiff. His obligation extends only as far as producing existing documents within his possession, custody, or control. Plaintiff's motion to compel production of photographs and a diagram is denied. Defendant are reminded of their obligation to supplement their responses, should such evidence later come into their possession. Fed. R. Civ. P. 26(e).

### B. Discovery Request Served on Defendant Diggs

**ROG 15:** "Referring to the June 8, 2001, CDC-128-G, Classification DRB Action, attached as Exhibit A, please explain your position in as much detail as possible as to how the prospect of transferring Plaintiff back to a SNY/PHU setting was a realistic option when it had already been pre-determined by the CSATF/SP ICC and Associate Warden and Captain that Plaintiff did not meet SNY criteria and that his previous endorsement to and placement in SNY was in error. (See CDC 114-D dated October 6, 2000, attached as Exhibit C; and Memorandum, dated October 24, 2000, attached as Exhibit D)."

**Response:** "The DRB action of June 8, 2001 did not place plaintiff in SNY or PHU. The DRB endorsed plaintiff's transfer to CSP-SAC and directed SAC ICC to determine the appropriate facility placement with Ransom's input and agreement at CSP-SAC."

**Ruling:** Plaintiff argues that Defendant's response is evasive while Defendant argues that Plaintiff is seeking an explanation from him regarding a decision that he did not make. In his reply, Plaintiff contends that the DRB Action contains information that he refused placement in an SNY or PHU setting, and that every viable placement option was considered, and he is asking Defendant to explain how it was determined that SNY or PHU placement was a viable option when it had previously been found that he did not meet the criteria for such placement.

1 | Plaintiff's motion to compel is denied. Plaintiff's interrogatory was not drafted to net the
2 | information he apparently seeks. The DRB Action at issue recommended Plaintiff's transfer to CSP-
3 | SAC-IV. As drafted, the interrogatory seeks to know why it was a viable option to transfer Plaintiff
4 | back to an SNY or PHU setting. Since the DRB Action did not involve ordering or recommending
5 | SNY or PHU placement, Defendant's answer is acceptable.
6 | To the extent that Plaintiff wants different information, he must draft another interrogatory.
7 | The Court notes that the information Plaintiff is interested in addressing is set forth in a section
8 | entitled "Classification Services Recommendation," and appears to be a summary of information
9 | provided by CSU rather than a recommendation or finding by the DRB. Thus, it is not clear that
10 | Defendant possesses the information sought by Plaintiff, even with the benefit of a new
11 | interrogatory.

## IV. Other Motions

### A. Motions for Extension of Discovery and Amended Pleadings Deadlines

On September 4, 2008, Plaintiff filed a motion seeking an extension of the discovery deadline, and on October 14, 2008, Plaintiff filed a motion seeking an extension of the amended pleadings deadline. Defendants did not file responses.

In light of the existence of substantial discovery disputes between the parties, now largely resolved, the Court finds good cause to modify the scheduling order. Fed. R. Civ. P. 16(b). The deadline to amend the pleadings is extended to June 1, 2009, and the discovery deadline is extended to July 1, 2009, applicable to all parties.

### B. Motion to Substitution of Parties

On September 5, 2008, Plaintiff filed a motion seeking to substitute parties. Fed. R. Civ. P. 25(d). Defendants did not respond.

Defendants Alameida, Diggs, Lankford, and L'Etoille are retired from the California Department of Corrections and Rehabilitation, and in response to Plaintiff's requests for the production of documents, they stated that they do not have possession, custody, or control of the documents sought. Plaintiff contends that he is suing these defendants in their official and individual
///

capacities, and for his official capacity claims, he seeks to substitute their successors in office under Rule 25(d) so that he may obtain discoverable documents.

These defendants were members of the Departmental Review Board, and recommended Plaintiff's transfer to CSP-SAC-IV on June 8, 2001, allegedly in retaliation for filing grievances and a petition for writ of habeas corpus. Plaintiff's claims against them are necessarily individual capacity claims because the Eleventh Amendment bars officials capacity claims for damages against state officials.[2] Hydrick v. Hunter, 500 F.3d 978, 986-87 (9th Cir. 2007). Therefore, Plaintiff's motion to substitute parties under Rule 25(d) for his official capacity claims is without merit.

Plaintiff is not without recourse, however. Plaintiff may move to compel a response if he believes the documents are in fact in the possession, custody, or control of a defendant, and his motion contains support for his position.

Further, subject to the following requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from non-parties, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents. Fed. R. Civ. P. 34. If Plaintiff wishes to make a request for the issuance of a records subpoena, he may file a motion requesting the issuance of a subpoena duces tecum that (1) identifies *with specificity* the documents sought and from whom, and (2) makes a showing in the motion that the records are only obtainable through that third party.

## V. Order

As set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's first motion to compel, filed June 12, 2008, is GRANTED IN PART and DENIED IN PART, and the Court reserves its ruling IN PART;

---

[2] The Eleventh Amendment does not bar claims for declaratory and injunctive relief against state officials in their official capacities, Hydrick v. Hunter, 500 F.3d 978, 986-87 (9th Cir. 2007), but the nature of Plaintiff's claims precludes any viable claims for equitable relief, 18 U.S.C. § 3626(a)(1)(A); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006); Headwaters, Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989).

2. Plaintiff's second motion to compel, filed September 4, 2008, is GRANTED IN PART and DENIED IN PART;

3. Plaintiff's third motion to compel, filed September 4, 2008, is DENIED;

4. Plaintiff's motions for modification of the scheduling order, filed September 4, 2008, and October 14, 2008, are GRANTED;

5. Plaintiff's motion for the substitution of parties, filed September 5, 2008, is DENIED;

6. The deadline to amend the pleadings is extended to June 1, 2009;

7. The discovery deadline is extended to July 1, 2009;

8. Within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall file status reports explaining how photocopy costs are handled for indigent prisoners, and Defendants' counsel shall clarify in his report whether or not he now represents Defendants Garcia and Medrano;

9. Within **forty-five (45) days** from the date of service of this order, Defendants shall serve supplemental responses to the Case ROGs 5-11;

10. Within **forty-five (45) days** from the date of service of this order, Defendants shall serve responses to the first set of interrogatories and requests for the production of documents to Medrano; the second set of interrogatories to Arroyo, Atkinson, and Johnson; and the second requests for the production of documents to Arroyo and Atkinson; and

11. If Defendants Garcia and Medrano waived service or were served, and are now represented, they must file a response to Plaintiff's amended complaint within **thirty (30) days**.

IT IS SO ORDERED.

Dated: **April 13, 2009**      /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE