# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>M. JOHNSON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-00086-OWW-GSA PC<br><br>SUPPLEMENTAL ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO ATKINSON POD 6 and FLORES PODS 1-3, AND DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS GARCIA AND MEDRANO TO RESPOND TO DISCOVERY REQUESTS<br><br>(Docs. 140, 157, and 195) |

**Supplemental Order on Plaintiff's Motions to Compel**

On April 14, 2009, the Court issued an order granting in part and denying in part Plaintiff's motions to compel, directing the parties to file status report regarding how photocopy costs are handled for indigent prisoners, directing Defendants' counsel to clarify in his status report whether he represents Defendants Garcia and Medrano, and extending the discovery deadline to July 1, 2009.

**I.    Cost Shifting Relating to Photocopy Costs**

With respect to shifting the cost of photocopying to Defendants, the Court reserved its ruling on Atkinson POD 6 and Flores PODs 1-3 pending receipt of the parties' status reports. Plaintiff did not file a status report, but Defendants did and contend that inmates are provided with copies of all documents in the non-confidential portion of their central files and that Plaintiff already has copies by virtue of the ordinary course of business. Defendants further contend that inmates must bear the cost of copying documents for their litigation and if they are indigent, the institution determines on

a case-by-case basis whether to provide free copies. Defendants request that if costs are shifted to them, Plaintiff be required to conduct a review of his central file and tag those documents he seeks to have copied.

Plaintiff has a right to relevant, discoverable information and if he does not have equal access to obtaining copies, the Court will order Defendants to produce the copies. Fed. R. Civ. P. 26(b). In this instance, Plaintiff does not have equal access to copying the documents, as his ability to make copies given his indigent status is dependent upon the institution making a case-by-case determination. The Court declines to presume that Plaintiff will be allowed to make free copies under such a circumstance. Although Defendants argue that Plaintiff does not have a constitutional right to a waiver of costs, Plaintiff has a right to obtain discovery in this case, and that is the issue before the Court.

The Court reserved its ruling on Plaintiff's motion to compel responses to Atkinson POD 6 and Flores PODs 1-3 pending receipt of the parties' status reports. Plaintiff's motion to compel responses to Atkinson POD 6 and Flores PODs 1-3 is granted. The Court has reviewed the original discovery requests and Defendants' responses, and there is no indication in the responses that the discovery requests were overly broad or vague, or that Defendants were otherwise uncertain which documents were sought.[1] However, Defendants are not required to produce responsive documents already within Plaintiff's possession. Therefore, Plaintiff must review his central file and mark the documents he does not have copies of which are responsive to Atkinson POD 6 and Flores PODs 1 and 3. For Flores POD 2, which calls for the production of Title 15 and DOM documents, Plaintiff must notify Defendants' counsel by letter within thirty days whether he has in his possession any of the sections or articles referred to by Defendants in their response to POD 2.

Defendants' counsel shall contact the Litigation Office at California State Prison-Corcoran and request that Plaintiff's review of his central file be facilitated as soon as possible, and preferably within the next thirty days. Defendants have thirty days from the date of Plaintiff's letter to produce

---

[1] Arroyo and Atkinson PODs 4 were overly broad and vague. However, those requests were not subject to a reserved ruling. Plaintiff's motion was denied, and he was instructed that he would have to review his central file, redraft narrower and more specific requests, and re-serve those requests.

1  their response to Flores POD 2, and Defendants have thirty days from the date of Plaintiff's file
2  review to produce their response to Atkinson POD 6 and Flores PODs 1 and 3.

3  **II.    Status of Defendants Garcia and Medrano**

4  There is no evidence in the record that Defendants Garcia and Medrano waived service or
5  were personally served, and for that reason, the Court ordered Defendants' counsel to address the
6  representation in his opposition to Plaintiff's motion to compel that he had overlooked Plaintiff's
7  discovery requests to Garcia and had not been served with discovery requests directed to Medrano.
8  The Court reserved its ruling on Plaintiff's motion to compel Garcia and Medrano to respond to his
9  discovery requests pending receipt of the status report.  On May 13, 2009, Defendants' current
10 counsel of record filed a status report clarifying that Garcia and Medrano are not represented.
11 Therefore, Plaintiff's motion to compel Defendants Garcia and Medrano to respond to his discovery
12 requests, filed September 4, 2008, is denied.

13 **III.   Order**

14 Based on the foregoing, it is HEREBY ORDERED that:

15 1.  Plaintiff's motion to compel responses to Atkinson POD 6 and Flores PODs 1-3,
16     filed June 12, 2008, is GRANTED, subject to the conditions and restrictions set forth
17     herein; and

18 2.  Plaintiff's motion to compel Defendants Garcia and Medrano to respond to his
19     discovery requests, filed September 4, 2008, is DENIED.

22 IT IS SO ORDERED.

23 Dated:   **February 8, 2010**            /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE