UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN RANSOM, | 1:05-cv-00086-OWW-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 213.) |
| v. | |
| M. JOHNSON, et al., | ORDER DISMISSING CERTAIN CLAIMS WITH PREJUDICE |
| Defendants. | ORDER DISMISSING DEFENDANT ARROYO FROM THIS ACTION |

**I.   BACKGROUND**

Bryan Ransom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 21, 2005. (Doc. 1.)  This action now proceeds on the amended complaint filed by Plaintiff on August 30, 2005, against more than thirty named defendants, on Plaintiff's claims for violation of his rights under the United States Constitution.[1]  (Doc. 8.)

On October 29, 2009, defendants Burreul, Case, Vance, Cary, Tennison, Pliler, Arroyo, Bremner, Diaz, Jones, Cheema, Duran, Hulsey, Mayo, Pina, Santo, McDowell, and Meske

---

[1] Plaintiff brings claims for denial of free exercise of religion under the First Amendment, failure to protect under the Eighth Amendment, retaliation, denial of access to the courts, violations of Due Process, inadequate medical care under the Eighth Amendment, excessive force, assault and battery, right to privacy, intentional infliction of emotional distress, negligence, and mail censorship.

1

("Defendants") filed a motion for summary judgment. (Doc. 213.) On March 18, 2010, Plaintiff filed a statement of non-opposition to the motion for summary judgment. (Doc. 224.)

**II.    MOTION FOR SUMMARY JUDGMENT**

Defendants' motion for summary judgment is made on the basis that the undisputed evidence shows the following:

> (1) Plaintiff cannot state a federal claim of denial of access to the courts against defendants Burruel, Case, Vance, Cary, Tennison, and Pliler for the transpacking of Plaintiff's property in 2001 because (a) Plaintiff cannot show an actual injury from that event, and (b) Plaintiff failed to exhaust administrative remedies;
>
> (2) Plaintiff cannot state a federal claim of retaliation under § 1983 against defendant G. Arroyo for destruction of Plaintiff's property in violation of a temporary restraining order issued by the Greenwood court because (a) the order was *void ab initio*, and (b) the doctrine of judicial estoppel bars the claim;
>
> (3) Plaintiff cannot proceed upon state law claims against defendants Bremner, Diaz, Jones, Cheema, Duran, Hulsey, Mayo, Pina, Santo, McDowell, and Meske for negligence, assault and battery, and intentional infliction of emotional distress because Plaintiff failed to comply with the government claim presentation requirement.

Defendants also move to dismiss the eighteen named Defendants from this action as a result of the dismissal of these claims.

Plaintiff's statement of non-opposition states in its entirety: "[U]pon review of Defendants['] Oct. 29, 2009 Motion for Summary Judgment[,] Plaintiff elects not to oppose their Motion in order to channel more focus and resources into the remaining claims."

Based on Defendants' motion and Plaintiff's statement of non-opposition, and good cause appearing, Defendants' motion for summary judgment shall be granted as to the three claims listed above. However, in light of the fact that pending claims shall remain against all of the eighteen named Defendants except defendant Arroyo, only defendant Arroyo shall be dismissed from this action by this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for summary judgment, filed on October 29, 2009, is GRANTED;

2. Plaintiff's claim for denial of access to the courts against defendants Burruel, Case, Vance, Cary, Tennison, and Pliler for the transpacking of Plaintiff's property in 2001 is DISMISSED, with prejudice, on the basis of Defendants' motion for summary judgment and Plaintiff's statement of non-opposition;

3. Plaintiff's claim for retaliation under § 1983 against defendant G. Arroyo for destruction of Plaintiff's property in violation of a temporary restraining order issued by the Greenwood court is DISMISSED, with prejudice, on the basis of Defendants' motion for summary judgment and Plaintiff's statement of non-opposition;

4. Plaintiff's state law claims against defendants Bremner, Diaz, Jones, Cheema, Duran, Hulsey, Mayo, Pina, Santo, McDowell, and Meske for negligence, assault and battery, and intentional infliction of emotional distress are DISMISSED, with prejudice, on the basis of Defendants' motion for summary judgment and Plaintiff's statement of non-opposition;

5. Defendant Arroyo is DISMISSED from this action, on the basis of Defendants' motion for summary judgment and Plaintiff's statement of non-opposition;

6. This action now proceeds against defendants Adams, Alameida, Atkinson, Bennett, Bremner, Burruel, Cabral, Carey, Case, Cheema, DeGroot, Diggs, Diaz, Duran, Flores, Hulsey, Johnson, Jones, Kalvelage, Lankford, L'Etoile, Mayo, McDowell, Meske, Pear, Pina, Pliler, Rosario, Santos, Scribner, Tennison, and Vance;[2] and

7. The Clerk shall reflect the dismissal of defendant Arroyo from this action on the court's docket.

IT IS SO ORDERED.

**Dated:   April 30, 2010**              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE

---

[2] Defendants Canton, Garcia, Madreno, and Williams have not been served in this action. Defendant Stockman was dismissed from this action by the court on March 27, 2007 and was inadvertently served with process on July 25, 2007. (See Docs. 19, 20, 22, 40.)