# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRYAN E. RANSOM, | ) | 1:05-cv-00086-OWW-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' MOTION TO STRIKE |
| | ) | (Doc. 223.) |
| vs. | ) | |
| | ) | ORDER STRIKING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT AND SUPPORTING DOCUMENTS AS UNTIMELY |
| M. JOHNSON, et al., | ) | |
| | ) | |
| | ) | (Docs. 219, 220, 221, 222.) |
| Defendants. | ) | ORDER DENYING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER |
| | ) | (Doc. 226.) |
| | ) | |
| | ) | NOTICE TO PARTIES THAT NO FURTHER DISCOVERY OR PRETRIAL DISPOSITIVE MOTIONS SHALL BE AUTHORIZED IN THIS ACTION |

**I.     RELEVANT PROCEDURAL HISTORY**

Bryan Ransom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 21, 2005. (Doc. 1.) This action now proceeds on the amended complaint filed by Plaintiff on August 30, 2005, against defendants Adams, Alameida, Atkinson, Bennett, Bremner, Burruel, Canton, Carey, Case, Cheema, DeGroot, Diggs, Diaz, Duran, Flores, Garcia, Hulsey, Johnson, Jones, Kalvelage, Lankford,

1

L'Etoile, Madreno, Mayo, McDowell, Meske, Pear, Pina, Pliler, Rosario, Santos, Scribner, Tennison, Vance, and Williams,[1] on Plaintiff's claims for violation of his rights under the United States Constitution.[2]  (Doc. 8.)

On March 10, 2010, defendants Adams, Alameida, Anderson[3], Arroyo[4], Atkinson, Bennett, Bremner, Burruel, Carey, Case, Cheema, DeGroot, Diggs, Diaz, Duran, Flores, Hulsey, Johnson, Jones, Kalvelage, Lankford, L'Etoile, Mayo, McDowell, Meske, Pear, Pina, Pliler, Rickman[5], Rosario, Scribner, Stockman[6], Tennison, and Vance ("Defendants") filed a motion to strike plaintiff's February 24, 2010 motion for summary judgment. (Doc. 223.)

## II. MOTION TO STRIKE UNTIMELY MOTION

Defendants argue that plaintiff's motion for summary judgment, filed on February 24, 2010, should be stricken from the court's record because it was untimely according to the court's Amended Scheduling Order.[7]  "The district court is given broad discretion in supervising the pretrial phase of litigation."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir.1992) (citation and internal quotation marks omitted).  On motion or on its own, the court may issue any just orders if a party or its attorney fails to obey a scheduling or other pretrial order.  Fed.R.Civ.P. 16(f)(1)(C).

---

[1] Defendants Canton, Garcia, Madreno, and Williams have not been served in this action.

[2] Plaintiff has claims pending for denial of free exercise of religion under the First Amendment, failure to protect under the Eighth Amendment, retaliation, violations of due process, inadequate medical care under the Eighth Amendment, excessive force, assault and battery, intentional infliction of emotional distress, negligence, and mail censorship.

[3] The court finds no defendant Anderson in this action.  (See Doc. 20.)

[4] Defendant Arroyo was dismissed from this action by the court via defendants' motion for summary judgment on May 3, 2010.  (Doc. 227.)

[5] The court finds no defendant Rickman in this action.  (See Doc. 20.)

[6] Defendant Stockman was dismissed from this action by the court on March 27, 2007, based on plaintiff's failure to state any claims against him/her.  (Doc. 19.)  Defendant Stockman was inadvertently served on July 25, 2007.  (Doc. 41.)

[7] On February 24, 2010, plaintiff filed a motion for summary judgment and three supporting documents including a declaration, memorandum, and motion for subpoena.  (Docs. 219, 220, 221, 222.)

2

Defendants present evidence on the court's record showing that the last deadline established by the court for plaintiff to submit a pretrial dispositive motion was December 15, 2008, pursuant to the court's Amended Scheduling Order of April 15, 2008. (Doc. 124.) Defendants contend that although the December 15, 2008 deadline was extended for defendants on two occasions pursuant to motions for extension of time, it has not been extended for plaintiff. (Docs. 183, 216.)

The court has examined the record and finds that Defendants' evidence and the court's record demonstrate that plaintiff's second motion for summary judgment, filed on February 24, 2010, is untimely according to the court's Amended Scheduling Order of April 15, 2008. (Doc. 124.) Plaintiff has not submitted any evidence to the contrary and in fact admits that he "inadvertently filed his February 24, 2010 Motion For Summary Judgment without accompanying it with a Motion for the court's approval to do so." (Doc. 225 at 2:3-8.) Therefore, the court finds that plaintiff's motion for summary judgment filed on February 24, 2010, is untimely.

**Plaintiff's Motion to Modify Scheduling Order**

On April 5, 2010, plaintiff filed a motion to modify the court's Amended Scheduling Order to extend the deadline for filing dispositive motions to allow his untimely February 24, 2010 motion for summary judgment to be heard.

A court may modify a scheduling order for good cause. Fed.R.Civ.P 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id.

Plaintiff claims that he was prevented from filing his second motion for summary judgment within the court's December 15, 2008 deadline because of his medical condition. Plaintiff claims that he was diagnosed with Hepatitis C on April 20, 2006, after which he progressively developed debilitating pain in his hands, wrists, and joints, impeding his ability to write. Plaintiff claims that on December 27, 2008, he began a twelve-month treatment regimen

3

which caused symptoms and side effects, prompting him to obtain assistance from another inmate to file a motion for appointment of counsel, which was denied. Plaintiff claims that on June 25, 2009, he was placed on disability status due to chronic pain in his hands and wrists, and was unable to write until after his prescription for the medication Tramadol was increased from 50 mg to 100mg in October 2009.

Plaintiff's argument that his medical condition affected his ability to file his second motion for summary judgment by December 15, 2008, the deadline at issue, is unavailing. Despite his claims that he suffered from debilitating pain in his hands, wrists and joints beginning on April 20, 2006, the court's record in this case contains more than thirty documents filed by plaintiff between December 2006 and October 2008, all legibly written and signed by plaintiff in the same distinctive handwriting used on plaintiff's documents throughout this case. On December 19, 2008, during the time plaintiff claims his ability to write was impeded, he filed his first motion for summary judgment, which included 27 legibly handwritten pages. (Docs. 177, 178, 179.) Plaintiff's argument that his motion in untimely because of his medical condition is unsupported by this record, and plaintiff has not shown any good cause to modify the Amended Scheduling Order. Therefore, plaintiff's motion to modify the Amended Scheduling Order shall be denied, and defendants' motion to strike shall be granted. No further discovery or pretrial dispositive motions shall be authorized in this action.

**Defendants' Other Request**

Defendants have also requested that plaintiff be granted an additional fifteen days to file a response to Defendants' October 29, 2009 motion for summary judgment. In light of the fact that Defendant's October 29, 2009 motion for summary judgment was granted on May 3, 2010, via plaintiff's statement of non-opposition, this request is moot and shall be denied as such.

**VII. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike plaintiff's February 20, 2010 motion for summary judgment is GRANTED;

1  2. Plaintiff's motion for summary judgment and three supporting documents including a declaration, memorandum, and motion for subpoena, all filed February 20, 2010, are STRICKEN from the court's record as untimely;

3. Defendants' request that plaintiff be granted an additional fifteen days to file a response to Defendants' October 29, 2009 motion for summary judgment is DENIED as moot;

4. Plaintiff's motion to modify the court's Amended Scheduling Order is DENIED; and

5. No further discovery or pretrial dispositive motions shall be authorized in this action.

IT IS SO ORDERED.

Dated:   **June 1, 2010**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE