# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN RANSOM,<br><br>          Plaintiff,<br><br>     vs.<br><br>M. JOHNSON, et al.,<br><br>          Defendants.<br>_____/ | 1:05-cv-00086-OWW-GSA-PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS<br>(Doc. 239.)<br><br>ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>ORDER VACATING ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br>(Doc. 4.)<br><br>ORDER VACATING ORDER DIRECTING CDCR TO COLLECT FILING FEE PAYMENTS FOR THIS ACTION<br>(Doc. 5.)<br><br>ORDER REQUIRING PLAINTIFF TO PAY THE $350.00 FILING FEE IN FULL WITHIN THIRTY DAYS, OR THIS CASE WILL BE DISMISSED<br><br>THIRTY DAY DEADLINE |

**I.     RELEVANT PROCEDURAL HISTORY**

Bryan Ransom ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 21, 2005, together with an application to proceed in forma pauperis. (Docs. 1, 2.) On February 17, 2005, the Court

1

granted Plaintiff leave to proceed in forma pauperis and issued an order directing the California Department of Corrections and Rehabilitation ("CDCR") to send payments to the Court from Plaintiff's prison trust account for the $350.00 filing fee for this action. (Docs. 4, 5.)  This action now proceeds on the Amended Complaint filed by Plaintiff on August 30, 2005. (Doc. 8.)

On July 21, 2010, Defendants filed a Motion to revoke Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). (Doc. 239.) On July 29, 2010, Plaintiff filed an Opposition to the Motion. (Docs. 240, 241.) On August 5, 2010, Defendants filed a Reply to the Opposition. (Doc. 242.)

## II.     MOTION TO REVOKE IN FORMA PAUPERIS STATUS

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. "Plaintiffs normally must pay $350 to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting in forma pauperis status." Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007).  However, § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  The imminent danger "exception applies if the danger existed *at the time* the prisoner filed the complaint." Andrews, 493 F.3d at 1053, citing United States v. Jackson, 480 F.3d 1014, 1018-19 (9th Cir. 2007) (emphasis added).

Defendants argue that the Court should revoke Plaintiff's in forma pauperis status under § 1915(g) because, at the time this case was filed, Plaintiff had three prior actions dismissed on the grounds that they were frivolous, malicious or failed to state a claim. Defendants present evidence that in Plaintiff's case Ransom v. Westphal, et al., Case No. 1:08-cv-01327-DMS-ABJ, the Court for the Eastern District of California found that Plaintiff had previously filed three actions that were dismissed for being frivolous, malicious, or failed to state a claim: (1) Ransom v. Doe, et al., Case No. 96cv8204 RSWL (CT) (C.D. Cal. Dec. 10, 1996, dismissed for failure to state cognizable

claims), (2) Ransom v. Chief Williams, et al., Case No. 96cv8203 MRP (CT) (C.D. Cal. Dec. 10, 1996, dismissed for failure to state cognizable claims), and (3) Ransom v. Sandoval, et al., Case No. 01CV513 JM (JAH) (S.D. Cal, Jan. 10, 2002, dismissed for failure to state a claim upon which relief can be granted). Defendants request the Court to take judicial notice of the decision in Ransom v. Westphal, et al. and of the dismissals in Plaintiff's three cases listed above. Defendants also argue that Plaintiff was not under imminent danger of serious physical injury at the time he filed the complaint commencing this action, because Plaintiff's complaint addressed incidents and events that occurred some three to five years earlier.

In opposition, Plaintiff argues that the Court should not revoke his in forma pauperis status because this action is meritorious and such revocation would reach beyond the congressional goal of reducing frivolous prison litigation in federal court pursuant to § 1915(g). Plaintiff also argues that he was under imminent danger of serious physical injury when he filed his complaint, as demonstrated by his claim of deliberate indifference against defendants Adams, Atkinson, Canton and Flores. Plaintiff requests the Court to deduct the $350.00 filing fees for this action from the award he expects against defendant Pear as a result of the Court's order of August 26, 2008 in this action which granted summary judgment against defendant Pear.

Defendants reply that Plaintiff's argument based on the merit of his case fails because § 1915(g) establishes a threshold procedural question and does not ask the court to evaluate the merits of the suit. Defendants also reply that Plaintiff's deliberate indifference claim in the complaint does not demonstrate he was under imminent danger at the time the complaint was filed, because the claim concerns allegations that defendants were indifferent to Plaintiff's safety in September 2000, long before the complaint was filed.

### III.  DISCUSSION

The Court takes judicial notice of the decision in Ransom v. Westphal, et al., Case No. 1:08-cv-01327-DMS-ABJ, and of Plaintiff's three cases dismissed for failure to state a claim.[1] Plaintiff

---

[1] "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias

3

does not dispute that he had three prior cases dismissed for failure to state a claim. All three of these cases were dismissed before the present action was filed in 2005. Plaintiff is therefore subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis in this action unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.

Plaintiff asserts that his deliberate indifference claim against defendants Adams, Atkinson, Canton and Flores demonstrates he was under imminent danger. The Court has reviewed all of Plaintiff's allegations and claims in the original Complaint filed on January 21, 2005, and finds that Plaintiff alleged no facts supporting a finding that he was, at that time, under imminent danger of serious physical injury. With regard to Plaintiff's deliberate indifference claim, Plaintiff alleges that in September 2000, defendants incorrectly labeled him a Protective Custody inmate and divulged this information to general custody inmates at Calipatria State Prison, placing him at a substantial risk of harm if released into general custody. However, it was more than four years later when Plaintiff filed the present Complaint, and by then he had been transferred out of Calipatria State Prison and was in custody at Corcoran State Prison in the Security Housing Unit. These facts do not support a finding that Plaintiff was under imminent danger of serious physical injury in January 2005, when he filed the Complaint. Therefore, Plaintiff is precluded from proceeding in forma pauperis in this action.

Plaintiff's argument based on the assertion that his case has merit is unavailing. For purposes of Defendants' Motion, it is of no consequence whether Plaintiff's case has merit. Section 1915(g) requires prepayment of the entire filing fee before the federal courts may consider the merits of the civil action. The issue here is whether Plaintiff must pay up front for the privilege of filing this action. Plaintiff's proposition that the Court should deduct the filing fees from his anticipated award against defendant Pear is impracticable and contrary to § 1915(g)'s requirement of payment of the filing fee before the case proceeds.

///

---

v. Moynihan, 508 F.3d 1212, 1215 (9th Cir. 2007) (quoting Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Facts that may be judicially noticed include a court's own records in other cases. United States v. Wilson, 631 F.2d 118, 119-20 (9th Cir. 1980).

IV.     **CONCLUSION AND ORDER**

In light of the foregoing, the Court finds that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis. Therefore, Defendants' Motion to revoke Plaintiff's in forma pauperis status shall be granted, and Plaintiff shall be required to pay the $350.00 filing fee in full.[2]

Based on the foregoing, it is HEREBY ORDERED that:

1.      Defendants' Motion to revoke Plaintiff's in forma pauperis status is GRANTED;

2.      Pursuant to 28 U.S.C. § 1915(g), Plaintiff's in forma pauperis status is REVOKED;

3.      The Court's order of February 17, 2005, which granted Plaintiff's application to proceed in forma pauperis, is VACATED ;

4.      The Court's order of February 17, 2005, which directed the CDCR to make payments to the Court from Plaintiff's prison trust account for payment of the filing fee for this action is VACATED;

5.      Plaintiff is required to pay the $350.00 filing fee in full within thirty (30) days of the date of service of this order;

6.      The Clerk of Court is directed to serve a copy of this order on:

  (1)     the Director of the CDCR; and

  (2)     the Financial Department, U.S. District Court, Eastern District of California, Fresno Division; and

7.      If Plaintiff fails to pay the $350.00 filing fee, pursuant to this order, this action will be dismissed, without prejudice.

IT IS SO ORDERED.

Dated:   September 22, 2010          /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE

---

[2] According to the Court's financial records, no payments have been received for the $350.00 filing fee due for this action.

5