# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN RANSOM, | 1:05-cv-00086-OWW-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| vs. | (Doc. 247.) |
| M. JOHNSON, et al., | ORDER REQUIRING PLAINTIFF TO PAY THE $150.00 FILING FEE IN FULL WITHIN TWENTY DAYS, OR THIS CASE WILL BE DISMISSED |
| Defendants. | |
| | TWENTY DAY DEADLINE |

## I. RELEVANT PROCEDURAL HISTORY

Bryan Ransom ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 23, 2010, the Court issued an order granting Defendants' motion for the Court to revoke Plaintiff's in forma pauperis status, requiring Plaintiff to pay the filing fee for this action in full within thirty days. (Doc. 243.) On October 1, 2010, Plaintiff filed a motion for reconsideration of the Court's order. (Doc. 247.)

## II. MOTION FOR RECONSIDERATION

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new

arguments not raised in their original briefs. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. Walker v. Giurbino, 2008 WL 1767040, *2 (E.D.Cal. 2008); United States v. Rezzonico, 324 F.Supp.2d 1112, 1116 (D. Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that, when filing a motion for reconsideration, a party must show that there are "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). Reconsideration is appropriate if there is an intervening change in controlling law. School Dist. No. 1J Multonomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff requests reconsideration of the Court's order revoking his in forma pauperis status and requiring him to pay the filing fee for this action. Plaintiff argues that he clearly alleged in the First Amended Complaint that he was in imminent danger of serious physical harm at the time he filed the complaint commencing this action. Plaintiff also requests the Court to consider that he filed a motion for preliminary injunction on September 15, 2010, alleging that he was in danger at the time he filed the complaint, and that he was placed in danger during the adjudication of this action when he was released to the general prison population at High Desert State Prison before being transferred back to Corcoran State Prison.

**Section 1915(g) – Imminent Danger Exception**

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. "Plaintiffs normally must pay $350 to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting in forma pauperis status." Andrews v. Cervantes, 493 F.3d 1047,

1051 (9th Cir. 2007). However, § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The imminent danger "exception applies if the danger existed at the time the prisoner filed the complaint." Andrews, 493 F.3d at 1053, citing United States v. Jackson, 480 F.3d 1014, 1018-19 (9th Cir. 2007) (emphasis added). "[T]he issue [under § 1915(g)] is whether the complaint, as a whole, alleges imminent danger of serious physical injury." Andrews, 493 F.3d at 1053, quoting Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

Plaintiff requests reconsideration of the Court's order, asserting that the Court mistakenly overlooked his claim of imminent danger. Plaintiff does not dispute that he had three prior cases dismissed for failure to state a claim. Plaintiff first directs the Court to allegations in the complaint that he was erroneously labeled a Protective Custody ("PC") inmate, and that Defendants divulged information of Plaintiff's PC label to the general prison population, instructing them to spread the word, causing him to be at a substantial risk of harm if returned to the general prison population. Plaintiff claims that at the time he filed the First Amended Complaint, he was under imminent danger at Corcoran State Prison in the Security Housing Unit, pending release into the general population.

Second, Plaintiff directs the Court to his emergency motion for TRO/preliminary injunction, filed on September 15, 2010, in which he recounts that he was released into the general population at High Desert State Prison and then returned to protective housing "in the nick of time," before he could be injured. In the emergency motion, Plaintiff seeks a temporary restraining order and preliminary injunction to ensure he is not released back to general population, which he alleges would "place[ him] at a very real and serious risk of harm."

Plaintiff argues that he has met the imminent danger standard in 28 U.S.C. § 1915(g) because he was under imminent danger at the time he filed the complaint and remains so, because, in

///

3

Plaintiff's words, he is labeled with "the known and lethal PC Jacket on him of which still subjects him to the same protracted risk of serious harm that has been repeatedly demonstrated in this case."[1]

In Andrews, 493 F.3d 1047, the Ninth Circuit adopted the view that "requiring a prisoner to 'allege [ ] an ongoing danger' - the standard adopted by the Eighth Circuit - is the most sensible way to interpret the imminency requirement." Id. at 1056 (citing Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 2003). Andrews held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is ongoing. Plaintiff therefore correctly argues that he can satisfy the imminent danger exception by alleging an ongoing threat. Plaintiff fails, however, to allege facts indicating that was under danger of a specific ongoing threat at the time he filed the complaint. The plaintiff in Andrews alleged facts indicating that the threat he faced from contagious diseases violated the Eighth Amendment against cruel and unusual punishment. The plaintiff in Andrews recounted that during his time at Solano State Prison he had been

> "placed in close proximity with inmates the institution knew or should have known would or could infect me with the disease." Andrews detailed that during the previous six months, he had been housed with five inmates with contagious disease - two infected with HIV/AIDS, two infected with Hepatitis C, and one infected with Heliobacter pylori. He noted that "[c]urrently, there is an epidemic of Hepatitis C at Solano yet there are no steps taken to prevent further spread of the disease. And he alleged that prison officials failed to act after he raised these health concerns. Andrews' complaint recounted in detail the reason why these contagious inmates posed a danger: the very close quarters in prison cells, the communal toilets, and the fact that inmates, even without permission, use their cellmates' personal hygiene items, including toothbrushes and razors, mean that "it is quite possible," according to Andrews, that communicable diseases can be transferred to non-infected inmates if inmates with communicable diseases are not segregated.

Andrews, 493 F.3d at 1050. Andrews went on to allege that he had contracted tuberculosis while in another California prison in 1987 and likely had contracted some disease while in Solano that caused painful lumps to develop in his thighs. Id.

Here, Plaintiff fails to allege facts that a specific threat exists. Plaintiff alleges in the original Complaint and the First Amended Complaint that defendant Canton, a captain employed at CDCR Headquarters, distributed information to the prison general population via a Director's Level

---

[1] Plaintiff explains that "[T]he term 'jacket' is street/prison lingo denoting a disparaging and often lethal label." (Motion for Reconsideration, Doc. 247 at 3 fn.1.)

4

decision, indicating that Plaintiff had been transferred from the general population of Calipatria State Prison to the Substance Abuse Treatment Facility ("SATF") and labeled as a PC inmate, and that defendants Canton and Flores, a correctional sergeant at SATF, "explicitly instructed the general population prisoners to spread the word." Even taking Plaintiff's allegations as true, Plaintiff's subjective belief that he is in danger of physical injury is not supported by specific factual allegations. Plaintiff indicates that he filed a Form 602 grievance at the prison objecting to the erroneous PC label, and an investigation was conducted, resulting in a decision by the Department Review Board that there was only a minimal safety concern in returning Plaintiff to the general population. Plaintiff has not described any incidents or threats to his safety since being labeled a PC inmate, even during the two occasions when he was released into the general prison population. Plaintiff only makes vague and conclusory allegations that he is "at a substantial risk of harm" due to a "lethal stigma." Plaintiff has not alleged facts sufficient to draw an inference that he was under imminent danger of physical harm at the time he commenced this lawsuit.

Plaintiff has not shown more than a disagreement with the Court's decision and recapitulation of the cases and arguments considered by the Court before rendering its original decision. Therefore, Plaintiff's motion for reconsideration shall be denied, and Plaintiff is required to pay the $150.00 filing fee[2] for this action within twenty days, or this case will be dismissed.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Court's order of September 23, 2010, which granted Defendants' motion for the Court to revoke Plaintiff's in forma pauperis status, is DENIED;

///

---

[2] The Court here corrects the amount of Plaintiff's filing fee, as stated by the Court in its prior order, from $350.00 to $150.00. The filing fee for a civil rights action is currently $350.00; however, the filing fee was $150.00 when Plaintiff filed this action on January 21, 2005. According to the Court's financial records, no payments have been received for payment of the filing fee for this action. Therefore, Plaintiff owes a filing fee of $150.00.

2. Plaintiff is required to pay the $150.00 filing fee in full for this action within twenty (20) days of the date of service of this order;

3. The Clerk of Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Fresno Division; and

4. If Plaintiff fails to pay the $150.00 filing fee, pursuant to this order, this action will be dismissed, without prejudice.

IT IS SO ORDERED.

**Dated:   October 18, 2010**          /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE